
Robert McWhirter, Bar # 012283
Law offices of Robert J McWhirter
812 N. 2nd Ave.
Phoenix, AZ 85003
bob@robertjmcwhirter.com
480-980-0696
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff(s),<br><br>　vs.<br><br>Guy Galanti,<br><br>　　　　　Defendant. | NO. 25-05412-01-PHX-GMS<br><br>**DETENTION APPEAL** |

Guy Galanti appeals Magistrate Judge Michael T. Morrissey's September 30, 2025 18 U.S.C. § 3145(d) detention order as well as his subsequent October 16, 2025 order affirming detention. Mr. Galanti seeks this Court's *de novo* review of Mr. Galanti's detention.

Excludable delay may result from this motion under 18 U.S.C. § 3161(h)(1)(F).

**A. Standard of Review and Statutory Presumption**

A reviewing court has *de novo* review of a magistrate judge's detention decision pending trial. *United States v. Koening*, 912 F.2d 1190, 1191 (9th Cir. 1990).

The statutory presumption here favors Mr. Galanti's release.

1

### B. Background

Mr. Galanti's case is unique. He has strong contacts with his local religious community, which necessitates his release pretrial.

### C. Law

The Bail Reform Act guarantees a person's release on a pending charge, unless the government can prove he is a flight risk or a danger to the community. 18 U.S.C. §3142. In the context of prosecution under 8 U.S.C. §1326, the Court cannot detain the defendant as a danger.

Although in certain circumstances a presumption exists for detention, the Bail Reform Act does not shift the presumption of release in a case involving an alien. The only part of the Bail Reform Act that mentions different treatment for aliens is 18 § 3142(d)(1), which allows the judicial officer to detain an alleged alien for up to ten days. *See United States v. Adomako*, 150 F. Supp. 1302, 1307 (M.D. Fla. 2001). But *United States v. Santos-Flores,* 794 F.3d 1088 (9th Cir. 2015) holds it is improper to detain an alien, even one without documentation, only based on "the possibility of his detention or removal by immigration authorities." Many other factors outweigh alienage for release. *United States v. Motamedia*, 767 F.2d 1403, 1408 (9th Cir. 1985) ("the factor of alienage ... may be taken into account, but it does not point conclusively to a determination that [a defendant] poses a serious risk of flight."). Alienage does not "tip the balance either for or against detention." *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

### D. Discussion:
### Flight Risk and Contacts with the Community

Mr. Galanti's case is unique. He has strong contacts with his local religious community, which necessitates his release pretrial. Rabbi Benshabat testified for him and is willing to take third party custody of him. His community is also willing to post an

appearance bond. As a foundation for his September 30, 2025 detention order, the magistrate judge incorporated by reference the Pretrial Service Report findings. But that report did not consider all of Mr. Galanti's contacts, the availability of a qualified third-party custodian, or the option of an appearance bond.

Mr. Galanti requests this Court consider these factors and release him under conditions.

### Criminal History

Mr. Galanti's lack of criminal history shows only one thing: He is not a flight risk.

### C. Conclusion

The Government has Mr. Galanti's passport and identification documents. He has no ability to flee the country. He requests this Court "bear in mind that the federal law has judicially provided a person arrested for a non-capital offense shall be admitted to bail. Only in rare circumstances shall release be denied." *United States v. Motamedia*, 767 F.2d 1403 (9th Cir. 1985).

Respectfully submitted this 16th day of October, 2025.

*S/ Robert J. McWhirter*
Robert J. McWhirter

Electronically filed using CM/ECF System for filing and transmittal of a Notice of Electronic Fling to the following:

Raymond Woo
Assistant U.S. Attorney

s/Viridiana Corrales

# CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2025, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Original** of the foregoing transmitted by ECF for filing October 16, 2025 with:

CLERK'S OFFICE
United States District Court
401 West Washington Street
Phoenix, Arizona 85003
Honorable Judge G Murray Snow

**Copy** of the foregoing sent via email to the following:

Matthew Williams, Assistant U.S. Attorney
matthew.williams3@usdoj.gov

Raymond K Woo, Assistant U.S. Attorney
Raymond.Woo@usdoj.gov

By:*Viridiana Corrales*



*/S/ Robert J. McWhirter*
Robert J. McWhirter
812 N. 2nd Avenue
Phoenix, Arizona 85003
Telephone: 480-999-4004