**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Guy Galanti,<br><br>    Defendant. | No. CR-25-01391-001-PHX-GMS<br><br>**ORDER** |

Pending before this Court is Defendant Guy Galanti's Detention Appeal (Doc. 33). This Court considers the appeal *de novo*. *United States v. Koening,* 912 F.2d 1190, 1191 (9th Cir.. 1990). After having conducted that *de novo* review, THE COURT AFFIRMS the detention decision of the magistrate judge that the Defendant presents a serious risk of flight that cannot be cured by any condition or combination of conditions that will reasonably assure the appearance of the Defendant. He therefore remains detained.

## BACKGROUND

Guy Galanti is charged with Conspiracy to Commit Theft of Trade Secrets in violation of 18 U.S.C. § 1832(a)(5), a felony that carries a ten-year maximum sentence. He is a citizen of Israel who was working in the United States on a visa sponsored by his employer. He lost this status when he was terminated by his employer on August 26, 2025, who the next day ceased its sponsorship of his visa. A week after the termination of his employment, on September 2, he nevertheless paid the next month's rent for his Scottsdale

home without any notice to the landlord that he was seeking to terminate his lease. The next day, on September 3, the FBI conducted a search warrant at his home. On September 8, he was observed by the FBI attempting to return food purchased from Costco. The next day, September 9, his wife and five children moved back to Israel. He acknowledges that his entire family now resides in Israel. On September 10, he sold his car and left a large amount of trash and furniture items on the curb outside his home for a bulk trash pickup. On that same date he purchased a flight to Israel which was scheduled to leave on September 12 but also included a return flight. He was arrested at his home on September 11. At that time a moving company was packing his property as he had arranged for its international shipment to Ashdod, Israel. He instructed the movers, however, to instruct anyone who asked that he was moving to Texas. And he falsely claimed to his landlord that he had obtained employment in Texas which would require his frequent return to Arizona. Defendant reported significant assets: $7,000 in cash in his possession, $130,000 in a United States bank account, $100,000 in an Israeli bank account, and real estate in Israel valued at a million dollars.

At his detention hearing, Yakov Jacob Donal, the Defendant's mother's cousin who has lived in Long Island, New York for 25 years testified to the Defendant's character. Mr. Donal related that he had had contact with the Defendant over the phone and at holidays. He believes the Defendant would follow the Court's orders. The Court also heard from Rabbi Mordechai Ben-Shabat. He testified that the Defendant has been a member of his synagogue for the past two years. The Defendant is a prayer leader in Rabbi Ben-Shabat's congregation and meets with some members of the congregation daily to pray. Rabbi Ben-Shabat believes that he or members of his congregation would take care of the Defendant if he was released, and Rabbi Ben-Shabat is willing to serve as a third-party custodian of the Defendant in that case. Another member of the synagogue similarly testified that the Defendant was like family and that she believed that members of the synagogue would be willing to provide lodging and board during the term of his release. The Government acknowledges that it is in possession of the Defendant's passport. Israeli counsel in

Phoenix has assured Defense counsel that Israel will not replace Mr. Galanti's passport until after the termination of his current criminal case. There is an extradition treaty with Israel.

## ANALYSIS

The defendant, in light of his behavior, presents a "serious risk" that he will flee if not detained. *United States v. Gentry,* 455 F. Supp. 2d 1018, 1019-20 (D. Ariz. 2006). Prior to the search of his home by the FBI there was no indication that the Defendant was preparing to leave the County. His actions are not those of a person returning his family to Israel on the loss of his job. The payment of his full monthly rent, without providing the landlord any notice of lease termination, after the loss of his job, but before the search, indicates that the search, and not the loss of a job, presented him with his reason for the hastened attempt at departure during which he provided inaccurate information as to his destination.

Nor, in light of his demonstrated desire to leave the county, will any condition or combination of conditions reasonably assure the appearance of the Defendant. While the Defendant is fortunate to have members of his congregation who are willing to stand up for him, he has no family in Arizona, he has canceled his lease, sold his vehicle, and he has lost any employment that provides him with an income. The charges against the Defendant are serious and present the possibility of up to ten years of incarceration providing him with serious incentive to leave for which he might gladly surrender a cash bond that he has the practical ability to post, or that others on his behalf do. And, while the least important factor for consideration, the weight of the evidence against him resulting from the home search is considerable. 18 U.S.C. § 3142(f). He has significant financial resources available in Israel, and apparently some in a United States Bank, and while his return to Israel might be difficult, his ability to go to a third country would not be difficult, and his resources would give him some considerable options to avoid process here. For the above reasons, the detention of the Defendant as a serious risk of flight whose appearance cannot be reasonably assured by a condition or combination of conditions is sustained.

IT IS THEREFORE ORDERED that magistrate judge's decision and Order of Detention (Doc. 16) are AFFIRMED.

Dated this 5th day of November, 2025.

G. Murray Snow
Senior United States District Judge